UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
Jul 26 2021
U.S. DISTRICT COURT
Northern District of WV

MOUNTAIN EAST CONFERENCE,
a West Virginia corporation,

        Plaintiff,

v.

FRANKLIN UNIVERSITY, an Ohio
non-profit corporation; and FRANKLIN
UNIVERSITY - URBANA, LLC, d/b/a
URBANA UNIVERSITY, an Ohio
limited liability company,

        Defendants.

Civil Action No. **1:21-CV-104**
Hon. **Kleeh**

## COMPLAINT

COMES NOW, Plaintiff, Mountain East Conference, by and through the undersigned counsel, and for its Complaint against Defendants, Franklin University, an Ohio non-profit corporation, and Franklin University - Urbana, LLC, d/b/a Urbana University, an Ohio domestic limited liability company, hereby states as follows:

### The Parties

1. Plaintiff, Mountain East Conference ("MEC" or the "Plaintiff"), is a West Virginia corporation, whose principal place of business is in Bridgeport, Harrison County, West Virginia.

2. Defendant, Franklin University ("Franklin"), is an Ohio non-profit corporation, whose principal place of business is in Columbus, Franklin County, Ohio.

3. Defendant, Franklin University - Urbana, LLC, d/b/a Urbana University, ("Urbana" or "Franklin/Urbana"), is a dissolved, Ohio limited liability company whose principal place of business was in Columbus, Franklin County, Ohio.

4. Defendant Urbana University closed its campus and ceased all operations in May of 2020.

5. Defendant Urbana was a member of the MEC prior to its closing.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity among the Plaintiff and the Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff maintains its principal place of business in this judicial district.

8. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Factual Background

9. On or about August 20, 2012, the MEC was established as a collegiate athletic conference, competing in the National Collegiate Athletic Association Division II level.

10. On or about November 19, 2012, MEC implemented its Constitution and Bylaws, of which were amended and/or updated on August 28, 2018.

11. On or about August 20, 2012, Urbana was unveiled as a charter member of the MEC.

12. In or about 2013, Urbana officially joined the MEC.

13. Upon information and belief, in or about April of 2014, Franklin purchased Urbana University to become a part of the Franklin family and operate as a division of Franklin, often referred to as Franklin/Urbana.

14. Upon information and belief, pursuant to the purchase agreement, Urbana would retain its name and Urbana's affiliation with the NCAA would remain unaffected.

15. The MEC played a principal and significant role in assisting Franklin/Urbana in maintaining their NCAA Division II membership by navigating the University through the process of a NCAA membership review.

16. Upon information and belief, effective August 1, 2017, Franklin University received approval for its change of status application by the Higher Learning Commission and brought Urbana University wholly under Franklin University's accreditation as a branch campus.

17. Upon officially changing its status to a division of Franklin University, Urbana's existing academic probation was resolved and wiped clean.

18. Franklin/Urbana remained undistinguished from Franklin's offerings, positioned as a wholly owned subsidiary of Franklin University, which continued to maintain NCAA Division II athletics.

19. In an effort to promote Franklin/Urbana and the recently acquired athletic offerings for the institution, from approximately 2014 through 2018, Franklin University contributed more than $15,000,000.00 into Franklin/Urbana's facilities, including, but not limited to, the wrestling facility, the football and soccer field, and the gymnasium (basketball and volleyball).

20. Franklin offered contact information on its Franklin University website for those with questions related to Franklin/Urbana University.

21. Franklin/Urbana's university letterhead included Franklin University's address and contact information.

22. Franklin University advertised Franklin/Urbana's athletic department in promotional efforts to increase student enrollment.

23. As a MEC member institution, Franklin/Urbana University was bound by the MEC's Constitution and Bylaws, including payment of annual full-time member dues of $25,000.00 through each year of competition dating back to July of 2013.

24. As a MEC member institution, Urbana University was subject to "Article III: Membership; Section 8 Resignation from the Conference" within the MEC Constitution.

25. Section 8.1 of the MEC Constitution provides that "a member institution may withdraw from the conference by sending an official notice of its intent to the Chair of the Board of Directors and the Commissioner, not later than May 31".

26. Section 8.2 of the MEC Constitution provides that "the withdrawal shall become effective on the June 30, three years and one month following the filing date that follows an official notice stipulated within Section 8.1".

27. Section 8.3 of the MEC Constitution provides that "if a withdrawing member institution is unable to comply with the withdrawal stipulations set forth under Section 8.2, it shall be liable for a sum based on the schedule listed within this section immediately upon notification".

28. Section 8.3.1 of the MEC Constitution provides that "if withdrawal occurs more than 24 months prior to the effective date stipulated within 8.2, the withdrawing institution will owe a sum equal to six years of annual dues".

29. In or around April of 2020, Franklin/Urbana announced that Franklin University was compelled to close Urbana's physical campus, move all classes online at the end of the spring semester, stop enrolling new students at the end of the spring semester, and cease its offering of sports and on-site administrative roles.

30. On or about May 8, 2020, Christopher L. Washington, Ph.D., Executive Vice President and CEO, Urbana University (who was at the time, and remains, the Provost and Executive Vice President of Franklin University) informed the MEC that Franklin/Urbana University would be closing its campus and ceasing all operations at the end of the 2020 spring semester.

31. On or about May 8, 2020, Dr. Washington, on behalf of Franklin/Urbana, further provided the MEC its formal notice of its intention to withdraw from the Mountain East Conference and to cease all intercollegiate athletic activities, effective immediately.

32. Based upon Franklin/Urbana's formal notice of withdrawal, Defendants' exit date was established as June 30, 2023.

33. On or about May 21, 2020, Reid Amos, Commissioner, Mountain East Conference, provided correspondence to Dr. Washington wherein the initial demand for the exit fee was made.

34. Pursuant to the MEC Constitution Article III, Section 8.3.1, the agreed to exit fee for Franklin/Urbana was $150,000.00, which is equal to six-times the aforementioned dues of $25,000.00 per year.

35. Upon Franklin University's decision to close the physical operations on the Franklin/Urbana University branch campus, Urbana University's school records and academic offerings were transferred to Franklin University.

36. On or about May 1, 2021, undersigned counsel, on behalf of the MEC, provided correspondence to Dr. David Decker, President of Franklin University, once again demanding the exit fee in the amount of $150,000.00, as a result of Defendants' unilateral decision to withdraw from the MEC.

37. To date, Defendants have not provided any or all monies owed to Plaintiff and have refused to pay the same.

## COUNT I – Breach of Contract

38. Plaintiff realleges and incorporates herein all of the foregoing paragraphs of this Complaint as if completely rewritten herein.

39. Pursuant to the terms of the Constitution and Bylaws, Defendants agreed to comply with the terms and conditions stated therein, including payment of all exit fees as described hereinabove.

40. The Defendants, for the reasons previously set forth herein, are in default of their obligations in accordance with the MEC's Constitution and Bylaws.

41. As of June 1, 2021, there was justly due to Plaintiff pursuant to the MEC's Constitution and Bylaws, of which Defendants were bound to adhere to, an amount not less than One Hundred and Fifty Thousand and 00/100 Dollars ($150,000.00), consisting of six-times the aforementioned dues of $25,000.00 per year, as Defendants' withdrawal occurred more than 24 months prior to the effective date of June 30, 2023.

42. Plaintiff has made demands on Defendants that it pay all liquidated damages due and owing but Defendants have failed and/or refused to pay the same.

43. Plaintiff has been required to employ the undersigned counsel to collect monies that may be found due and owing from Defendants and are obligated to pay its reasonable attorneys' fees.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff, Mountain East Conference, prays that judgment be entered in its favor and against the Defendants as follows:

1. That Plaintiff be awarded $150,000.00 in damages, plus post-judgment interest at the statutory rate from the date of judgment until the judgment is fully satisfied;

2. That Plaintiff be awarded all attorneys' fees, costs, and expenses incurred by Plaintiff in connection with this action; and

3. That Plaintiff be awarded such other relief, legal or equitable, as this Honorable Court deems just and appropriate.

4. Plaintiff demands a trial by jury.

Date: July 26, 2021

**MOUNTAIN EAST CONFERENCE,**

BY: SPILMAN THOMAS & BATTLE, PLLC

/s/ Jordan A. Sengewalt
Michael S. Garrison (WVSB No. 7161)
Jordan A. Sengewalt (WVSB Bo. 12905)
Counsel for Plaintiff
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800 (Zip: 26501)
P.O. Box 615
Morgantown, West Virginia 26507-0615
Telephone: (304) 291-7920
Facsimile: (304) 291-7979