IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MOUNTAIN EAST CONFERENCE,

     Plaintiff,

v.                                    CIVIL ACTION NO. 1:21-CV-104
                                             (KLEEH)

FRANKLIN UNIVERSITY, an Ohio
non-profit corporation; and
FRANKLIN UNIVERSITY - URBANA, LLC,
d/b/a URBANA UNIVERSITY an Ohio
limited liability company,

     Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 33]

### I.   BACKGROUND

On July 26, 2021, Plaintiff Mountain East Conference ("Plaintiff" or "MEC") filed a Complaint against Defendants Franklin University ("Franklin") and Franklin University – Urbana, LLC, d/b/a Urbana University ("Urbana") (collectively "Defendants"). ECF No. 1-1, Compl. MEC brings a breach of contract claim against Defendants, seeking a damages award of $150,000.00. Id. On August 26, 2021, Defendants filed Motion to Dismiss or, in the Alternative, to Transfer Venue [ECF No. 6] pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a). The parties fully briefed the motion. ECF Nos. 9, 10.

MEC v. Franklin University, et al.                    1:21-CV-104

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 33]**

The Court entered its First Order and Notice, the parties returned their Report of Planning Meeting and Scheduling Order Checklist. ECF Nos. 11, 12, 13. The Court entered its Scheduling Order which governs the deadlines in this case. ECF No. 14. Discovery ensued.

On March 29, 2022, the Court denied Defendants' Motion to Dismiss [ECF No. 6]. ECF No. 26. On July 15, 2022, the parties filed an Agreed Protective Order, which the Court entered the same day. ECF Nos. 27, 28. The parties filed a Joint Motion for Extension of Time on July 28, 2022. ECF No. 30. The Court granted the motion and extended certain deadlines on July 29, 2022. ECF No. 31. Now, MEC seeks an entry of default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendants for Defendants' failure to file an answer to the complaint. ECF No. 33.

MEC argues it is entitled to default judgment because although Defendants have otherwise appeared throughout this case, Defendants failed to timely file an answer to the complaint by April 12, 2022, fourteen (14) days within this Court's decision on the motion to dismiss. ECF No. 33. MEC asserts it has been substantially prejudiced by Defendants' failure. Id. Defendant Franklin University ("Franklin") responded in opposition to the motion seeking default judgment, arguing that it has shown an

2

MEC v. Franklin University, et al.                    1:21-CV-104

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 33]

intention to actively defend the suit, MEC has not been prejudiced by Franklin's inadvertence, and the Court should grant Franklin leave to file its answer, attached as Exhibit 1. ECF No. 34. In its reply, MEC reiterates the prejudice it suffers because of Franklin's failure to answer, and cites discovery disputes and other impediments it has endured. ECF No. 39.

The motion is **DENIED.**

### II.   LEGAL STANDARD

A responsive pleading is due filed within 14 days of a court's decision on a motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Under Rule 55(a) of the Federal Rules of Civil Procedure, an entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Once default is entered by the Clerk, the party may seek default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1). However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires a plaintiff to seek an entry of default judgment from the court.

MEC v. Franklin University, et al.                    1:21-CV-104

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 33]**

Default judgments are to be granted sparingly. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987). Generally, default should not be entered under Rule 55(a) when a party has shown an intention to actively defend against the suit. See Johnson v. Warner, No. 7:05-CV-219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, . . . trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

### III. DISCUSSION

It is clear that Franklin intended to actively defend this suit, as is shown from the filing of the motion to dismiss and participation in discovery and motions practice. Further, it is also clear that MEC is not substantially prejudiced by Franklin's failure to answer. As recently as July 2022, Franklin produced an additional 7,000+ documents in response to MEC's discovery requests. ECF No. 34 at 2, ECF No. 34-2. Likewise, deposition discovery has not halted as a result of Franklin's counsel's failure to follow Rule 12(a). Based on these facts, and MEC's inability to show any prejudice as a result of Franklin's error,

MEC v. Franklin University, et al.                    1:21-CV-104

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 33]**

this Court denies MEC's motion for default judgment. <u>Prelov v.</u> <u>G.D. Searle & Co.</u>, 621 F. Supp. 1146, 1147 (D. Md. 1985) (stating that the court denied the plaintiff's motion for default judgment in the absence of any showing of prejudice as a result of the delay in the defendant filing its answer) (citing <u>Mason & Hanger-Silas</u> <u>Mason Co. v. Metal Trades Council</u>, 726 F.2d 166, 168 (5th Cir. 1984)).

**IV.  <u>CONCLUSION</u>**

For the reasons discussed above, Plaintiff's Motion for Default Judgment is **DENIED.** ECF No. 33. Franklin's motion for leave to file answer is **GRANTED,** and Franklin is **DIRECTED** to file Exhibit 1 [ECF No. 34-1] as its Answer to Complaint.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** September 6, 2022

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA