**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**MOUNTAIN EAST CONFERENCE,**

    **Plaintiff,**

    **v.**
                                **Civil Action No. 1:21-CV-104**
                                   **(JUDGE KLEEH)**

**FRANKLIN UNIVERSITY, an Ohio**
**non-profit corporation; and FRANKLIN**
**UNIVERSITY – URBANA, LLC d/b/a**
**URBANA UNIVERSITY an Ohio**
**limited liability company,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S REQUEST, SET FORTH IN ITS MOTION TO COMPEL [ECF NO. 42], TO AWARD FEES AND COSTS

On October 11, 2022, the Court issued an Order [ECF No. 69] denying as moot Plaintiff Mountain East Conference's ("Plaintiff") Motion to Compel Discovery [ECF No. 42] from Franklin University and Franklin University–Urbana, LLC ("Defendants"). In that Order, the Court reserved for later disposition the issue of Plaintiff's request, raised in its motion, for an award of attorney's fees and costs incurred in bringing its motion. In its motion, Plaintiff does not support its request for fees and costs with citation to authority or argument, although in oral argument before the undersigned, Plaintiff's counsel emphasized the request for this award and offered argument in support. The Court is also in receipt of Defendants' Memorandum in Opposition to Plaintiff's motion. [ECF No. 56]. However, Defendant therein does not directly address the issue of Plaintiff's request for an award of fees and costs.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff's Complaint, filed on July 26, 2021, against Defendants, claiming breach of contract. [ECF No. 1]. On July 27, 2021, Plaintiff served "Plaintiff's First Set

of Combined Discovery to Defendant Franklin University." On November 15, 2021, the Hon. Thomas S. Kleeh, United States District Judge, issued a Scheduling Order which established a discovery deadline of August 1, 2022. [ECF No. 14]. On July 28, 2022, parties filed a Joint Motion for Extension of Time to Complete Discovery and Extend Certain Deadlines. [ECF No. 30]. On July 29, 2022, Judge Kleeh issued an Order granting that motion and extending the discovery deadline to September 1, 2022. [ECF No. 31]. On September 1, 2022, the date of the discovery deadline, Plaintiff filed its Motion to Compel. [ECF No. 42].

## II.     PARTIES' CONTENTIONS

### A.  Plaintiff's Motion to Compel Discovery and Request for Attorneys' Fees and Costs

As noted above, on July 27, 2021, Plaintiff served Defendant with its First Set of Combined Discovery Requests. [ECF No. 3]. On December 17, 2021, Defendant served its responses to these discovery requests. [ECF No. 19]. In its Motion to Compel, Plaintiff takes issue with the tardiness of Defendant's responses, but more to the point, takes issue with the substance of the responses, arguing that they were "deficient pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, insofar as they failed to fully . . . provide the documents requested." [ECF No. 42 at 2].

Then, on February 1, 2022, Plaintiff sent "meet and confer" correspondence to Defendant regarding the deficiencies alleged in the discovery responses. [ECF No. 42-2]. Plaintiff states that it engaged in a telephone conference with Defendant on March 24, 2022, in which Defendant asserted it was updating responses which would be forthcoming. [ECF No. 42 at 2]. On July 1, 2022, Plaintiff sent a meet and confer letter to Defendant requesting responses by close of business on July 8, 2022. [ECF No. 42-5].

On July 5, 2022, Defendant provided a digital link to approximately 7,181 proposed responsive documents. [ECF No. 42 at 3]. On July 18, 2022, Plaintiff sent correspondence to

Defendant, requesting that Defendant identify which documents relate to which particular discovery requests lodged. Thereafter, on August 12, 2022, Plaintiff sent correspondence to Defendant, asking which of the documents provided are responsive to Request for Production No. 3 which, "requests all documents relating, identifying, or referring to the Plaintiff from January 1, 2012, to the present." [ECF No. 42, at 3-4]. Plaintiff emphasizes that it further narrowed the scope of this request to seek "all documents, including but not limited to emails or other like documents, relating, identifying, or referring to Plaintiff and/or any reference to the payment of the Exit Fee due to the Mountain East Conference and prepared by any of the following individuals: Dr. Christopher L. Washington; Dr. David Decker; Dr. George Lucas; Dr. Stephen Jones; Dr. Alex Capdeville; Dr. Pamela Shay; Larry Cox, and Mary Briskey." [ECF No. 42, at 4]. Finally, on August 23, 2022, Plaintiff wrote Defendant a final "meet and confer" letter before the filing of its Motion to Compel. [ECF No. 42-9].

Based upon these facts, Plaintiff requests that this Court grant it attorneys' fees and costs incurred in connection with pursuing its motion.

### B.  Defendant's Opposition to Motion to Compel

In its Memorandum in Opposition [ECF No. 56], Defendant contends that it "diligently searched its records" and supplied Plaintiff with everything relevant to this matter dating back a number of years. [ECF No. 56 at 1]. In two productions, Defendant stresses, it produced more than 11,000 documents. Id.

In counsel's argument during Status Conferences, Defendant also contends the parties have been engaged in various discussions about discovery responses for months and that Defendant's counsel was responding and engaging in those discussions meaningfully to reach resolution. Finally, Defendant states that its delay in responses is due to "the amount of time it took counsel to load, index, review, and code the documents for privilege." Id. at 2.

3

### III.    APPLICABLE LAW

Trial courts exercise broad discretion in how they manage discovery in civil matters and the disputes which may arise in the course of discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). As for requests to award attorneys' fees and costs incurred in the course of discovery disputes, trial courts enjoy wide discretion. In broad terms, courts may find that an award of reasonable fees and costs incurred is appropriate where the moving party has acted in good faith and attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under Fed. R. Civ. P. 37. See e.g., Gardner v. AMF Bowling Ctrs., Inc., 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions); Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382-383 (N.D.W. Va. 2003) (holding that party who prevailed on motion to compel discovery responses entitled to reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses).

Further, once a motion to compel is resolved, courts are to examine whether an award of reasonable expenses to the prevailing party is justified. Fed. R. Civ. P. 37 (a)(5). Rule 37 is "flexible in its nature and the court has broad discretion in its choice of and the type and degree of sanctions to be imposed." Stillman v. Edmund Sci. Co., 552 F.2d 798, 801 (4th Cir. 1975). In the case at bar, the motion ultimately was denied as moot, as the parties eventually resolved the dispute once Plaintiff honed its requests, and once Defendant provided supplemental materials and information giving context to those supplemental materials. Thus, although the motion was not

*per se* granted, discovery ultimately was provided after Plaintiff brought its motion. Thus, the analysis is controlled by Fed. R. Civ. P. 37 (a)(5)(A).

Fed. R. Civ. P. 37(a)(5)(A) provides for three exceptions where an award of fees is inappropriate, despite the submission of discovery responses after filing a motion to compel or when a motion to compel is granted. Id. Under this subsection, a court will not necessarily shift expenses and fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

### A.  Whether Motion Filed Before Good Faith Effort to Resolve Dispute

First, Fed. R. Civ. P. 37(a)(5)(A)(i) requires courts to determine a moving party filed its motion to compel only after attempting in good faith to obtain the discovery without the Court's intervention. Id; see also Fed. R. Civ. P. 37(a)(1). Likewise, LR Civ. P. 37.03(a)(3) requires a moving party to file a certification of the good faith conference required under Fed. R. Civ. P. 37. Our sister District has emphasized "the purpose of the meet and confer obligation is to obtain discovery material *without court action*." Frontier-Kemper Constructors, Inc. v. Elk Run Coal., Inc., 246 F.R.D. 522, 526-27 (S.D.W. Va. 2007) (emphasis in original) (holding moving party was not entitled to reasonable fees and expenses incurred in relation to opposing parties' untimeliness because it failed to meet and confer regarding that untimeliness).

### B.  Whether Substantial Justification Existed for Opposing Motion

To the second exception, substantial justification, a motion to compel is substantially justified if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Hare v. Comcast Cable Commun. Mgt., LLC, 564 Fed. Appx. 23, 24 (4th Cir. 2014) (citation and quotation omitted); Swimways Corp. v. Aqua-Leisure Industries, Inc., 2:16-CV-260,

2017 WL 3262135, at *2 (E.D. Va. July 31, 2017). Particularly, conduct is substantially justified "if there is a 'genuine dispute,' or if the conduct was "justified to a degree that could satisfy a reasonable person." O'Neal v. Capital One Auto Fin., Inc., 3:10-CV-00040, 2011 WL 3877083, at *2 (N.D.W. Va. Aug. 31, 2011) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The non-prevailing party bears the burden of affirmatively demonstrating that its discovery conduct was substantially justified." Id. at 3.

On the one hand, where a party must take extensive steps to determine where custodians of responsive documents are in order to obtain them, courts may find they are substantially justified in delay. Id. at 3 (finding that "reasonable people could differ" as to whether defendant was substantially justified in delay when producing discovery required obtaining documents from former employees, some of whom resided abroad). On the other hand, where a party generally fails to review records and produce them, there is no substantial justification in delay. Swimways, 2017 WL 3262135 at *3

Where a party's delay is no fault other than its own failure to timely review and produce documents, it is not substantially justified. Id. In Swimways, the defendant argued in opposition to a motion to compel "that several of the plaintiff's production requests pertained to irrelevant material, that the scope of plaintiff's requests was disproportionate to the case, and the court should deny the motion because the defendant was in the process of completing document production." Swimways, 2017 WL 3262135 at *3. However, the Court reasoned the defendant was not substantially justified in delay because it became clear, at oral argument on the motion to compel, "that email records from certain custodians had not been examined, much less produced." Id. Further, the court found that the defendant's productions on many occasions occurred "the very evening before a custodian was to be deposed." Id. Thus, the Court found the defendant "offered

no substantial justification for its repeated failure to comply with discovery months after the original deadline." Id.

The structure of Fed. R. Civ. P. 37 implicitly acknowledges that many discovery disputes are legitimate disagreements in which both sides are taking reasonable and defensible positions. In that situation, it is the Court's job to resolve the dispute, and the non-prevailing party does not necessarily deserve to be punished by having expenses awarded against it.

### C. Whether Circumstances Exist to Make an Award of Expenses Unjust

To the third exception, Fed. R. Civ. P. 37(a)(5)(A) provides that the court may not shift expenses and fees if "other circumstances make an award of expenses unjust." This provision exists to further preserve judicial discretion and to give judges flexibility to consider the larger picture. Specifically, where a motion to compel is denied as moot, courts may find an award expenses unjust where the moving party has simply filed routine motions to obtain documents, and the party does not seek to recover for any time devoted to opposing party's failure to respond to discovery. See Suggs v. Starbucks Corp., CIV. ELH-10-2966, 2011 WL 5109853, at *1 (D. Md. 2011) (holding it would be unreasonable to impose on a party the total cost for the time expended in a routine matter of drafting a short motion to compel when the motion to compel was denied as moot); See also Bennet v. Eq. Tr. Mortg. Corp., CIV.A 3:09-CV-62, 2010 WL 2253520, at *6 (N.D.W. Va. June 1, 2010) (denying motion to compel for lack of compliance with certification required by LR Civ. P. 37.02).

### IV.   ANALYSIS

Here, the undersigned determines that, as to Plaintiff's request for an award of expenses incurred in pursuing it compel: (1) Plaintiff did include the necessary good faith certification [ECF No. 43] before seeking the court's involvement, yet (2) Defendant was substantially justified in

resisting the discovery requests as they were initially presented, and (3) other circumstances make the award of expenses unjust.

First, the undersigned acknowledges that Plaintiff made at least four attempts to meet and confer with the Defendant: February 1, 2022; July 1, 2022; July 18, 2022; and August 23, 2022. See e.g. ECF No. 42. To each request, Defendant responded in good faith: March 24, 2022; July 5, 2022; August 12, 2022, and August 26, 2022. See e.g. ECF No. 56. Defendant contends that Plaintiff did not provide a good faith certification pursuant to LR Civ. P. 37.02. [ECF No. 56, at 2-3]. However, the undersigned cannot conclude that Plaintiff was deficient in this regard, as Plaintiff provided a corresponding Certificate of Compliance [ECF No. 43], with some detail about efforts to resolve the dispute.

Second, though, Defendant's delay is substantially justified because Defendant itself is not entirely to blame. Contrary to Swimway, in the instant case, at oral argument Defendant contended many of its custodians were frequently abroad and have obtained new employment since their time in Defendant's employ, making documents difficult to *obtain* for production in the first place. Thus, the issue was less about untimeliness in *reviewing* materials for production. Plaintiff has shown no evidence which convinces this court Defendant should be punished for untimeliness in *obtaining* responsive documents from the necessary custodians. Notably, Plaintiff takes issue more with the substance of the production rather than its timeliness.

Finally, as to the overall circumstances of the dispute, the undersigned recognizes Defendant did respond and make efforts to meet and confer with Plaintiff to satisfy the request. Similar to Suggs, Defendant in the instant matter continued to respond to Plaintiff's inquires throughout the period in question. While the production of over 11,000 documents without matching those documents to specific requests for production did burden Plaintiff's counsel,

Defendant remained cooperative and continued to make a good faith effort to sort the documents and make them searchable for opposing counsel. Defendant apparently also was responsive to Plaintiff's attempts to gain clarification and otherwise understand the contents and scope of the large amount of material produced. Ultimately, there is no evidence on the record which shows Defendant acted in bad faith or attempted to misrepresent the availability of responsive documents. Rather, the nature of collecting these materials, and the process of reviewing these documents for privilege, is a time-intensive process.

Thus, in the absence of any overt effort to delay production of materials unnecessarily, the undersigned does not find an award of expenses to Plaintiff to be just.

## V.    CONCLUSION AND ORDER

For the foregoing reasons, the undersigned **FINDS** that an award of attorneys' fees and costs to Plaintiff in pursuit of its Motion to Compel is <u>not</u> warranted. Thus, Plaintiff's request for such an award is hereby **DENIED**. It is so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: October 26, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE