```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MOUNTAIN EAST CONFERENCE,**

    **Plaintiff,**

**v.**                                         CIVIL ACTION NO. 1:21-CV-104
                                                                                  (KLEEH)

**FRANKLIN UNIVERSITY, an Ohio**
**non-profit corporation; and**
**FRANKLIN UNIVERSITY - URBANA, LLC,**
**d/b/a URBANA UNIVERSITY an Ohio**
**limited liability company,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

Pending before the Court is *Plaintiff's Motion to Alter or Amend Judgment to Include Pre- and Post-Judgment Interest and Attorneys' Fees and Costs* [ECF No. 122]. Plaintiff Mountain East Conference ("Plaintiff") submitted its motion following the Court's March 8, 2023, *Memorandum Opinion and Order Granting Plaintiff's Motion for Summary Judgment* [ECF No. 120]. The Clerk entered judgment accordingly on the same date [ECF No. 121]. Plaintiff timely filed the pending motion under Federal Rule of Civil Procedure 59 on March 31, 2023. It has been fully briefed and, therefore, is ripe for decision.

In its motion, Plaintiff requests the Court amend the judgment order in this case awarding it both pre- and post-judgment interest as well as its attorneys' fees and costs because of Defendants

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

Franklin University and Franklin University – Urbana, LLC d/b/a Urbana University's (collectively "Defendants") alleged bad faith. Defendants oppose the request for pre-judgment interest and attorneys' fees. They also contend an amended judgment order accounting for post-judgment interest is unnecessary.

## I.   RULE 59 STANDARD

A party may file a motion to alter or amend a judgment within 28 days after the entry of the judgment. See Fed. R. Civ. P. 59(e). As Judge Bailey noted in Schoene v. McElroy Coal Company, 2016 WL 676449, at *1 (N.D.W. Va. Feb. 18, 2016), "[a] district court has some discretion when ruling upon a motion to alter or amend a judgment pursuant to Rule 59(e) because the rule does not list specific grounds (citing Fed. R. Civ. P. 59(e))."  The Fourth Circuit Court of Appeals has outlined three grounds upon which a Rule 59(e) motion may be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pettis v. Nottoway County School Bd., 592 Fed. Appx. 158, 161 (4th Cir. 2014); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411 (4th Cir. 2010).  "Rule 59(e) motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the

Case 1:21-cv-00104-TSK-MJA   Document 125   Filed 02/13/24   Page 3 of 8   PageID #: 2127

**MEC v. Franklin University**                                                   1:21-CV-104

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

ability to address in the first instance." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

## II.  DISCUSSION

### A.  Pre-Judgment Interest

First, Plaintiff requests the Court alter its prior judgment and award pre-judgment interest.  The Court declines to do so.

"West Virginia Code section 56-6-27 provides the exclusive means by which to obtain prejudgment interest in any action founded on contract. Failure to submit the question of prejudgment interest to the jury results in waiver of the same." Syl. Pt. 1, Miller v. WesBanco Bank, Inc., 859 S.E.2d 306, 311 (W. Va. 2021).  The Complaint leaves little doubt that this matter is a breach of contract action.  There is a single count titled "**Count I – Breach of Contract**" and the allegations in support of the count emphasize the contractual agreements at issue.  See generally Compl., ECF No. 1.  Thus § 56-6-27 applies here.[1]  The Complaint is silent as to any request for pre-judgment interest although it specifically

---

[1] The parties also reference W. Va. Code § 56-6-31 in their briefing. The apparent confusion is understandable given the apparent tension between that statutory provision and W. Va. Code § 56-6-27.  Justice Wooten offered a detailed and compelling analysis of those statutes and the confusion the Legislature created over the years with amendments in his Miller dissent.  Id. at 336-41.  Regardless, given the Court's role here, syllabus point one of Miller provides all the guidance needed to resolve the pending motion.  See Figlar v. Simonton Windows & Doors, Inc., Civil Action No. 1:23-CV-30, 2024 WL 389236, at *6 (N.D.W. Va. Feb. 1, 2024) ("[F]ederal courts sitting in diversity rule upon state law as it exists . . .") (internal quotations and citations omitted).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

requests the Court award post-judgment interest and contains the usual request for "such other relief . . . just and appropriate." ECF No. 1 at Demand for Judgment, ¶¶ 1 and 3. Likewise, Plaintiff never broached the issue of pre-judgment interest in its summary judgment papers. ECF Nos. 50, 51 and 71.

Given W. Va. Code § 56-6-27 and its clear command that prejudgment interest lies within the province of the jury to award, the Court must conclude Plaintiff, here, has waived any entitlement to a pre-judgment interest award. This Court, in deciding the summary judgment motion, sits as the de facto fact finder. See Alpha Rho Alumni Corporation v. First United Bank & Tr., Inc., Civil Action No. 1:15-CV-44, 2016 WL 3080830, at *3 (N.D.W. Va. May 31, 2016). Thus, under Miller, the question of propriety of pre-judgment interest in this case should have been posed at that time. It was not raised; thus rendering the request to amend the judgment at this stage improper under Rule 59. As the United States Court of Appeals for the Seventh Circuit summarized, "[a]n award of prejudgment interest may be within the scope of Rule 59(e), . . . but the rule may not be used by 'a party to complete presenting his case' to the district court." First State Bank of Monticello v. Ohio Cas. Ins. Co., 555 F.3d 564, 572 (7th Cir. 2009) (citations omitted). Plaintiff's motion with respect to pre-judgment interest is therefore **DENIED.**

Case 1:21-cv-00104-TSK-MJA   Document 125   Filed 02/13/24   Page 5 of 8   PageID #: 2129

**MEC v. Franklin University**                                              **1:21-CV-104**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

### B.   Attorneys' Fees

Plaintiff next asks the Court to award it attorneys' fees citing the "bad faith" exception to the well-established American Rule.  Under the American Rule, each party remains responsible for its own attorneys' fees regardless of which party prevails in litigation.  See Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 543 (4th Cir. 2002).  "Also under its inherent powers, the district court has authority to shift attorneys' fees, but again only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so."  Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).  A district court awarding fees must make express findings justifying that decision.  Id.  "[T]he threshold for the use of inherent power sanctions is high."  Matta v. May, 118 F.3d 410, 416 (5th Cir. 1997).  It is only in "narrowly defined circumstances" that federal courts have an inherent power to assess attorney's fees.  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

In its motion, Plaintiff sets out in great detail its effort to enforce the provisions of its bylaws and collect the exit fee owed by Defendants.  None of those facts pertain to particularly egregious litigation tactics or other antics undertaken before this Court.  The obstinance in Defendants refusing to recognize a legal obligation was no doubt to Plaintiff's great frustration.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

Plaintiff has incurred significant fees to enforce its bylaws against its former member institution – another unfortunate aspect of this divorce. Plaintiff prevailed on its claim and has secured a significant judgment. Given the record before it, however, that is the extent of the relief the Court can provide.

"[T]he imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." Chambers, 501 U.S. at 53. The Supreme Court of the United States has cautioned that a district court may assess attorneys' fees against a party only "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Id. at 46 (quoting Universal Oil Prod. Co. v. Route Ref. Co., 328 U.S. 575, 580 (1946)). The Court cannot reach that lofty conclusion here. Thus, Plaintiff's motion for attorneys' fees is **DENIED**.

    C.    Post-Judgment Interest

West Virginia Code § 56-6-31(c) governs post-judgment interest and reads, "[. . .] the rate of post-judgment interest on judgments and decrees for the payment of money is two percentage points above the Fifth Federal Reserve District secondary discount rate in effect on January 2, of the year in which the judgment or decree is entered [. . .]." Post-judgment interest compensates an individual for "the delay between the judgment and the receipt of

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

actual payment." Adams v. Nissan Motor Corp. in U.S.A., 387 S.E.2d 288, 295 (W. Va. 1989).

The applicable interest rate is determined by the Fifth Federal Reserve District secondary discount rate in effect on January 2 of this year. W. Va. Code § 56-6-31(c). According to the Administrative Order from the Supreme Court of Appeals of West Virginia regarding the determination and dissemination of the rate of interest on judgments and decrees for the year 2023, the Fifth Federal Reserve District's secondary discount rate on January 2, 2023, was 5.00%. As such, the rate of post-judgment interest on this judgment entered March 8, 2023, is 7.00%. The judgment amount of $150,000, then multiplied by 7.00% post-judgment interest rate, and divided by 365 days, would total $28.77 in daily interest costs.

Defendants do not dispute Plaintiff's entitlement to post-judgment interest and do not address Plaintiff's proposed post-judgment interest calculations at all. Regardless, the Court agrees with Plaintiff's proposed daily interest accrual amount of $28.77. Given Defendants' failure to abide by its conference bylaw obligations and its refusal to satisfy the judgment previously imposed by this Court, the Court finds it appropriate to order the award of post-judgment interest as Plaintiff describes and requests. Moreover, "[a]s the United States Court of Appeals for

Case 1:21-cv-00104-TSK-MJA   Document 125   Filed 02/13/24   Page 8 of 8   PageID #: 2132

**MEC v. Franklin University**                                                        1:21-CV-104
**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [ECF NO. 122]**

the Fourth Circuit has held [i]n contrast to the district court's discretion in the awarding of pre-judgment interest, federal law mandates the awarding of post-judgment interest." Alpha Rho Alumni Corp. v. First United Bank & Tr., Inc., Civil Action No. 1:15-CV-44, 2017 WL 10378322, at *2 (N.D.W. Va. July 28, 2017) (internal quotations and citations omitted). Plaintiff's motion for post-judgment interest is therefore **GRANTED.**

### III. CONCLUSION

The Judgment entered on March 8, 2023 [ECF No. 121] is hereby **ORDERED MODIFIED** to show **Plaintiff is entitled to post-judgment interest as detailed herein in the amount of $28.77 per day from March 9, 2023, until such date as the entirety of the $150,000.00 judgment plus post-judgment interest is satisfied.** All such amounts are payable immediately.

The Clerk is **DIRECTED** to enter an amended judgment reflecting the $150,000.00 award set forth in this Court's summary judgment order [ECF No. 120] plus the daily accrual of $28.77 per day from March 9, 2023 forward. The Clerk is also **DIRECTED** to forward a copy of this Order to all counsel of record.

**DATED**: February 13, 2024

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA